UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ALEXANDER FELDE III,
          Plaintiff,

    v.                                                             Case No. 06C902

TOWN OF BROOKFIELD, et al.,
          Defendants.

## DECISION AND ORDER

Plaintiff Alexander Felde III, formerly the fire chief in the Town of Brookfield ("Town"), brings this action under 42 U.S.C. § 1983 against the Town, Town supervisors, members of the Town Police and Fire Commission, the Town Administrator and a captain on the Town Fire Department, alleging that they violated his right to due process by discharging him without notice and a hearing. Plaintiff also alleges that several of the defendants violated his right to due process by making stigmatizing comments about him, which, in conjunction with his discharge, caused him to lose employment opportunities. In his complaint, plaintiff also alleged several supplemental state law claims. Defendants now move for summary judgment.

## I. FACTS

In March 2002, the Town's Police and Fire Commission ("Commission") appointed plaintiff to serve as fire chief on an interim basis. At that time, the position was full-time, but the Commission allowed plaintiff to serve on a part-time basis. Plaintiff also held part-time positions at other fire departments. In January 2003, the Commission appointed plaintiff as part-time fire chief on a permanent basis. In March 2003, the Town Board

enacted an ordinance allowing the position of fire chief to be either a full-time or part-time position.

In December 2005, the Town Administrator, Richard Czopp, discovered that plaintiff was the subject of an investigation involving allegedly unauthorized transfers of Town property. Czopp placed plaintiff on administrative leave. On February 14, 2006, Czopp sent a memorandum to the Town Board, stating that he had studied the operations of the Town Fire Department and concluded that the Town needed a full-time fire chief. He further stated that if the Board amended the ordinance to make the chief's position full-time, he would recommend the appointment of an interim chief. On February 14, the Town attorney sent a letter to plaintiff's attorney, stating that on February 21, the Town Board would likely enact an ordinance making the position of fire chief full-time. On February 21, the Town Board enacted such an ordinance. On February 22, Czopp sent plaintiff a letter informing him that the Town had enacted an ordinance eliminating his position effective February 23 and that his employment would end on that date.

I will state additional facts in the course of the decision.

## II. DISCUSSION

I may grant summary judgment only if the evidence presented shows that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In considering a summary judgment motion, I consider the evidence in the light most favorable to the non-movant and draw all reasonable inferences in the non-movant's favor. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

Section 1983 states as follows:

> Every person who, under color of any statute, ordinance, regulation, custom or usage of any State . . . subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

I begin the analysis of plaintiff's § 1983 claims by discussing the Town's potential liability. A town is a "person" within § 1983 when it acts pursuant to official town policy. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978). When it enacts an ordinance, a town engages in an act of official policy. Pembaur v. City of Cincinnati, 475 U.S. 469, 480 (1986). Thus, plaintiff can prevail on his § 1983 claim against the Town if he can establish that by enacting an ordinance making the position of fire chief full-time and thus eliminating the part-time position that he held, the Town deprived him of a federal constitutional right. Reed v. City of Chi., 77 F.3d 1049, 1051 (7th Cir. 1996).

The Fourteenth Amendment provides that "[n]o state shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. Const. Amend. 14 § 1. Plaintiff contends that he had a property interest in his continued employment as the Town's part-time fire chief, thus the Town could not discharge him without due process, i.e., notice and a hearing. A property interest derives not from the Constitution, but from "an independent source such as state law . . . rules or understandings . . . ." Bd. of Regents v. Roth, 408 U.S. 564, 577 (1972). A state law providing that an employee may be discharged only for cause gives the employee a property interest in his continued employment. Misek v. City of Chi., 783 F.2d 98, 100 (7th Cir. 1986). However, such interest disappears when the law that created it is amended to eliminate it. Shegog v. Bd.

3

of Educ., 194 F.3d 836, 837 (7th Cir. 1999); see also Pittman v. Chi. Bd. of Educ., 64 F.3d 1098, 1103-05 (7th Cir. 1995). Further, a public employee who under state law would typically have a property interest in his position loses such interest if he is discharged as the result of a governmental reorganization, and under state law he is not entitled to a hearing under such circumstances. Misek, 783 F.2d at 100.

Wis. Stat. § 62.13(3) provides that a fire chief may be removed only "for cause." However, Wisconsin law also provides that a for-cause employee who loses his position pursuant to a legitimate governmental reorganization is not entitled to the protections due a for-cause employee. State ex rel. Thein v. City of Milwaukee, 229 Wis. 12, 18 (1938). In Thein, the court stated:

> Civil-service laws are not intended to prevent good-faith reorganization with a view of securing greater efficiency. The cases referred to by the appellant are authority for the rule that civil-service laws are not to be evaded by a sham abolition of an old position for the purpose of ousting an incumbent, but on the other hand the civil-service laws are not intended to interfere with a municipality combining the duties of one civil-service position with those of another, even though this results in some persons being dropped from the service. (Citation omitted.)

Id.; see also Castelaz v. City of Milwaukee, 94 Wis. 2d 513, 521 (1980) (stating that civil service laws do not prevent a municipality from terminating an employee "if the position is abolished in good faith"), overruled on other grounds by Casteel v. Vaade, 167 Wis. 2d 1 (1992); Dane County v. McCartney, 166 Wis. 2d 956, 963-64 (Ct. App. 1992) (stating that a governmental employee is not entitled to due process if his position is eliminated pursuant to a reorganization). Thus, a for-cause employee who loses his position because a legislative body abolishes it in good faith does not have a property interest in continuing to serve in the position.

4

Although a municipality cannot evade civil-service laws by a sham reorganization, under Wisconsin law, a reorganization is a sham only if it does not actually occur. See State ex rel. Miller v. Baxter, 171 Wis. 193, 196 (1920) (holding that a municipality's elimination of a position was not a sham because "[t]he office which the relator had occupied no longer existed"). Thus, a legislative body acts in bad faith if it purports to abolish a position for the purpose of ousting an incumbent but does not actually do so. See Thein, 229 Wis. at 18. However, an ordinance abolishing a position is not a sham just because it may have been enacted out of impure motives. Conine v. City of Marinette, No. 94-0933, 1994 WL 592188, at *3 (Wis. Ct. App. Nov. 1, 1994). In Miller, the Wisconsin Supreme Court made clear that courts may not inquire into the motives of a city council that abolishes an employee's position. Miller, 171 Wis. at 198. The court reached this conclusion despite the trial court's finding that the council had enacted the ordinance in order to avoid a for-cause requirement. Id. at 197. Thus, generally speaking, an employee challenging an ordinance abolishing a position on bad faith grounds cannot prevail by attacking the motives of the members of the legislative body that enacted the ordinance. See Banach v. City of Milwaukee, 31 Wis. 2d 320, 327 (1966) ("[T]he motives of a common council or other municipal body performing a legislative function may not be inquired into on judicial review.") (citing S. D. Realty Co. v. Sewerage Comm., 15 Wis. 2d 15, 30 (1961); Jackson v. City of Madison, 12 Wis. 2d 359, 364 (1961); Wagner v. City of Milwaukee, 180 Wis. 640, 645 (1923); Tilly v. Mitchell & Lewis Co., 121 Wis. 1, 10-12 (1904)); see also MTW, Inc. v. City of Milwaukee, 327 F. Supp. 990, 992 (E.D. Wis. 1971) (stating that an "ordinance which is valid on its face may not be condemned by the court because a legislative committee may have expressed an unworthy purpose in furthering its adoption").

5

In the present case, the Town Board enacted an ordinance abolishing the position of part-time fire chief and making the position full-time. Apparently, the Town then hired a full-time chief to fill the position. The record contains no evidence that the Town did not actually abolish plaintiff's position or that it abolished it temporarily and immediately re-established it after plaintiff left. The fact that some or all of the members of the Town Board may have wanted to have a fire chief other than plaintiff does not make the ordinance illegitimate. No reasonable fact-finder applying Wisconsin law could conclude that the ordinance was a sham. As a result of the ordinance, plaintiff lost his position. As stated, under Wisconsin law, an employee who loses his position as the result of a legitimate reorganization has no property interest in continuing to serve in the position that he formerly held. Thus, plaintiff did not have a right to notice and a hearing prior to the enactment of the ordinance, and the Town did not deny him due process by failing to provide him with such.

Plaintiff argues that the other defendants participated in the enactment of the ordinance and therefore also deprived him of due process. As discussed, plaintiff lost his position because the Town Board abolished it and thus he had no property interest in remaining in it. However, even if he had such an interest, his claims against the members of the Town Board would fail because "local legislators are entitled to absolute immunity for their legislative activities." Bogan v. Scott-Harris, 523 U.S. 44, 54 (1998); see also Tenney v. Brandhove, 341 U.S. 367, 377 (1951); Ira Iglesia de la Biblia Albierta v. Banks, 129 F.3d 899, 903 (7th Cir. 1997). Further, his claim against the members of the Police and Fire Commission and fire captain Preston Reynolds would fail because they did not participate in enacting the ordinance.

6

Plaintiff also asserts a second § 1983 claim against Czopp and Reynolds. He contends that they deprived him of a Fourteenth Amendment liberty interest without due process by making stigmatizing statements about him that in conjunction with his discharge caused him to lose employment opportunities. This type of claim is sometimes known as a "stigma-plus" claim. See Paul v. Davis, 424 U.S. 693, 701, 711-12 (1976). When an employee claims that a government employer has infringed his liberty to pursue his occupation of choice, the employee must show that (1) he was stigmatized by the defendants; (2) the stigmatizing information was publicly disclosed; and (3) he suffered a tangible loss of other employment opportunities as a result of public disclosure. Townsend v. Vallas, 256 F.3d 661, 669-70 (7th Cir. 2001). The Seventh Circuit has noted that to prevail in a case of this type, a plaintiff must show that the circumstances of his discharge had the effect of blacklisting him from comparable jobs. Id. (citing Colaizzi v. Walker, 812 F.2d 304, 307 (7th Cir. 1987)). The employee's reputation, honor or integrity must be called into question in a manner that makes it virtually impossible to find new employment in his chosen field. Townsend, 256 F.3d at 670.

Based on the evidence in the record, no reasonable jury could conclude that Czopp or Reynolds deprived plaintiff of a liberty interest in pursuing his occupation of choice. First, neither Czopp nor Reynolds made any stigmatizing statements about plaintiff. See Codd v. Velger, 429 U.S. 624, 627-28 (1977). Both defendants stated that plaintiff was under investigation, which was true. Czopp also stated that plaintiff had been suspended, which was also true. Second, plaintiff has not established that he suffered a loss of employment opportunities as the result of anything that Czopp or Reynolds did. See Roth, 408 U.S. at 575; see also Bigby v. City. of Chi., 766 F.2d 1053, 1057 (7th Cir. 1985) (noting

that cases holding that "firing a public worker under conditions that 'stigmatize' him may invade his liberty, even if he has no property right in his job, seem to rest on the idea that stigmatization may prevent him from getting another position in the same line of work"); Smith v. Bd. of Educ., 708 F.2d 258, 265-66 (7th Cir. 1983). Plaintiff currently holds four positions, three of which involve work in fire prevention services and two of which were obtained after the Brookfield experience. In addition, plaintiff holds a faculty position and teaches courses concerning the provision of emergency medical services. The fact that plaintiff does not presently serve as a chief does not help his argument, because holding a different rank within a given occupation is not a basis for a deprivation of liberty claim. Bigby, 766 F.2d at 1057. Thus, plaintiff cannot prevail on his stigma-plus claim against Czopp and Reynolds.

In his complaint, plaintiff asserted state law breach of contract and defamation claims over which I have supplemental jurisdiction. As a general matter, when a plaintiff's federal law claims have been dismissed prior to trial, a federal court should relinquish jurisdiction over remaining state law claims. Williams Elecs. Games, Inc. v. Garrity, 479 F.3d 904, 906-07 (7th Cir. 2007); Wright v. Associated Ins. Cos. Inc., 29 F.3d 1244, 1252 (7th Cir. 1994). This rule, however, is subject to three exceptions: when the refiling of the state claims is barred by the statute of limitations; where substantial judicial resources have already been expended on the state claims; and when it is clearly apparent how the state claim is to be decided. Williams Elecs. Games, 479 F.3d at 907. In the present case, I will retain jurisdiction over plaintiff's state law claims because it is apparent that they must be dismissed. This is so because plaintiff abandoned them by failing to defend them in response to defendants' summary judgment motion. See Maclin v. SBC Ameritech, 520

8

F.3d 781, 788 (7th Cir. 2008); Witte v. Wis. Dep't of Corr., 434 F.3d 1031, 1038 (7th Cir. 2006).

### III. CONCLUSION

Therefore, for the reasons stated,

**IT IS ORDERED** that defendants' motion for summary judgment is **GRANTED,** and this case is **DISMISSED**.

Dated at Milwaukee, Wisconsin this 7 day of August, 2008.

/s
LYNN ADELMAN
District Judge